**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**HOMELAND INS. CO. OF**
**DELAWARE,**

                    **Plaintiff,**                    22-CV-00462-WMS-HKS

**v.**

**INDEPENDENT HEALTH ASS'N, INC.,**
**INDEPENDENT HEALTH CORP., DXID, LLC,**
**AND ELIZABETH GAFFNEY,**

                    **Defendants/Third-Party**
                    **Plaintiffs,**

**v.**

**ACE AMERICAN INS. CO.,**

                    **Third-Party Defendant.**

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #20. The case is currently assigned to the Hon. John L. Sinatra. Dkt. #76.

## INTRODUCTION

This is a declaratory judgment action in which plaintiff Homeland Insurance Company of Delaware ("Homeland") seeks a declaration that it has no defense or indemnity obligations arising out of an insurance policy it issued to defendant Independent

~ 1 ~

Health Association, Inc. ("IHA") as to claims asserted against IHA and other insureds[1] in a federal *qui tam* action and related arbitration. Dkt. #1, ¶¶ 1-3. Third-party defendant Ace American Insurance Company ("Ace") seeks a similar determination as to its indemnity obligations under an excess insurance policy it issued to defendants. Dkt. #30.

## BACKGROUND

The facts alleged in this matter have been set forth in a previous Decision and Order by the then-presiding district court judge, Dkt. #51, as well as prior Decisions and Orders by the undersigned. Dkt. ##58, 78 Those decisions are incorporated here, and, for brevity's sake, the facts of this matter will not be repeated here.

In a Decision and Order filed on September 26, 2024, this Court considered motions to compel filed by Homeland and Ace regarding privilege logs produced by defendants. Dkt. #78. The Court granted, in part, Homeland's motion and ordered defendants to provide Homeland and Ace a revised categorical privilege log entry satisfying certain criteria. Dkt. #78, pp. 8-13.

However, the Court took the balance of Homeland's motion under advisement. Specifically, the Court concluded that the documents listed in defendants' second privilege log—which relate to litigation-hold communications—are not protected by the work-product doctrine. Dkt. #78, pp. 14-17. As to defendants' assertion that these

---

[1] Defendants Independent Health Corporation ("IHC"), DxID, LLC, and Elizabeth Gaffney ("Gaffney") were also insureds under the Homeland policy. IHC and DxID are or were subsidiaries of IHA. Dkt. #1, ¶¶ 7-8. Gaffney was the Chief Executive Officer of DxID. Dkt. #1, ¶ 9.

documents are subject to the attorney-client privilege, the Court ordered defendants to provide Homeland and Ace redacted copies of the documents, accompanied by sworn statements by counsel supporting defendants' assertions of privilege. Dkt. #78, pp. 17-20. The Court then ordered that Homeland and Ace file a status report indicating whether that step resolved the matter. Dkt. #78, p. 20.

With respect to Ace's motion to compel the production of the 98 documents listed in defendants' first privilege log, the Court ordered defendants to provide the documents to the Court for *in camera* review so that the Court could evaluate defendants' assertion of the common interest privilege. Dkt. #78, pp. 20-23.

Defendants filed objections to that Decision and Order on October 3, 2024. Dkt. #80. The same day, defendants produced copies of the documents in the first privilege log to the Court for the *in camera* review.

On October 21, 2024, Homeland's counsel filed a letter on behalf of both Homeland and Ace regarding the status of the dispute over the six litigation-hold-related documents. Dkt. #88. The letter states that defendants produced redacted copies of the six documents in question on October 10, 2024, accompanied by a sworn declaration by defendants' counsel. Dkt. #88, p. 1.

The letter further states, however, that this production has not resolved the dispute as to Documents 1-5 because the unredacted portions of those documents

suggest that the communications are merely instructions regarding document-retention practices, which are not privileged. Further, the letter states that the recent deposition of Drew Saur ("Saur"), who was DxID's Chief Technology Officer, reinforces this conclusion. Homeland and Ace thus ask that the Court either order that these five documents be produced in unredacted form or that the Court order that they be produced for *in camera* review. Dkt. #88, p. 4.

On October 22, 2024, Judge Sinatra entered a Decision and Order ruling that the undersigned's September 26, 2024 Decision and Order was not clearly erroneous or contrary to law. Dkt. #90.

These matters are thus now ripe for review.

### *The Litigation-Hold Documents 1-5*

As the Court previously observed, litigation hold notices are not *per se* protected by the attorney-client privilege. *Pearlstein v. BlackBerry Ltd.*, 13-CV-07060 (CM)(KHP), 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (citations omitted). In particular, where a litigation hold notice merely "describes document retention practices or instructions for preservation, courts have rejected claims of attorney-client" privilege. *Id.* at *18 (citations omitted).

The Court has reviewed the redacted documents defendants produced in response to the Court's September 26, 2024 Decision and Order. Dkt. ##88-2, 88-3. The

~ 4 ~

Court agrees with Homeland and Ace that the unredacted portions of these communications suggest that their entire subject matter may pertain to unprivileged document-retention instructions.

For example, a July 27, 2012 letter from defendants' then-counsel Lawrence J. Vilardo to Saur, titled "Preservation Requirements," lists various categories in which communications are stored or managed (email, instant messages, databases, data on workstations, paper documents, etc.), although the information under each category is redacted. Dkt. #88-2.

This letter closes with Vilardo telling Saur to contact Samuel L. Yellen, the law firm's Director of Technology, with any questions. Dkt. #88-2, p. 5. This, too, suggests that the purpose of the letter was to offer guidance on technological issues pertaining to document preservation rather than to provide privileged legal advice. Documents 1-5 are similar in nature.

In addition, Saur testified in his deposition that the technical guidelines that were needed to ensure the preservation of different types of records were provided by the company's attorneys. Dkt. #88-5, pp. 16-19, 23

The affirmation of defendants' counsel does not change the Court's view on this issue, Dkt. #88-4, because whether a particular communication constitutes "legal advice" is a conclusion of law on which reasonable minds may differ.

Therefore, the Court will order that defendants provide the Court unredacted copies of Documents 1-5 for *in camera* review.

### *The First Privilege Log Documents*
### Common Interest Privilege

The Court has reviewed *in camera* the 98 documents encompassed by defendants' first privilege log and concludes that 56 of the documents are not protected by the common interest privilege or any other privilege: document numbers 1-9, 25-29, 36-38, 43, 49-52, 55-61, 65-69, 71-76, 78-86, 88-92, and 96-98.

Many of these documents are communications between defendants' counsel and counsel for Group Health Cooperative ("GHC"), a former client of defendants who had received a subpoena duces tecum from the Department of Justice in February 2013. In them, GHC appears to be seeking information from defendants that it believed would be helpful in dealing with the government investigation. However, there is no indication that these communications were in furtherance of any common legal strategy. *See ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, 17-CV-6788-FPG-MJP, 2021 WL 630910, at *5 (W.D.N.Y. Feb. 18, 2021) (party invoking common interest privilege must make substantial showing that communications were made in the course of formulating a common legal strategy) (citations omitted).

The Court notes that in documents 71 and 84, defendants' counsel tells GHC's counsel that he has received permission from his client to enter into a JDA—joint defense agreement—but these emails contain no discussion of legal strategy and pertain simply to scheduling a meeting. The communications are thus merely a predicate to the formation of a common defense and are thus not privileged.[2]

However, the Court concludes that documents 94 and 95—emails from GHC's counsel to defendants' counsel—are protected by the common interest privilege. Without disclosing the substance of the emails, they appear to pertain to issues that these parties would have in common in relation to the government investigation. The Court also notes that the emails were sent almost two weeks after defendants stated that they intended to enter into a joint defense agreement with GHC and, moreover, September 29, 2014 is the date that defendants have stated that their counsel learned that there was a sealed *qui tam* action relating to the government investigation. Dkt. #66-3, p. 8.

### **Attorney-Client Privilege and Work Product Doctrine**

Next, the Court concludes that some documents in this privilege log are protected in whole by the attorney-client privilege: document numbers 10-24. These emails contain communications among defendants' counsel and their clients related to GHC's inquiries and are thus privileged.

---

[2] The emails in question are dated September 11, 2014.

Other documents are protected *in part* by the attorney-client privilege or work product doctrine: document numbers 30-35, 39-42, 44-48, 53-54, 62-64, 70, 77, 87, and 93.

Specifically, the portions of these email chains wherein defendants' counsel, their staff, and their clients communicate regarding, or comment on, forwarded emails from GHC's counsel are protected and may be redacted. The balance may not however—even where GHC's counsel labeled the email "Joint Defense Protected"—for the reasons discussed above. *See, e.g.,* Docs. 30-35, 39-40.

## **CONCLUSION**

Consistent with this Decision and Order:

(1) Within seven days of entry of this Decision and Order, defendants shall provide unredacted copies of Documents 1-5 from their second privilege log to the Court for *in camera* review; and

(2) Ace's motion to compel (Dkt. #66) is granted in part and denied in part in accord with the above discussion. Defendants shall produce to Homeland and Ace the documents discussed above within seven days of entry of this Decision and Order.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 5, 2024

                              **s/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**