**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**HOMELAND INS. CO. OF**
**DELAWARE,**

                    **Plaintiff,**                    22-CV-00462-WMS-HKS

**v.**

**INDEPENDENT HEALTH ASS'N, INC.,**
**INDEPENDENT HEALTH CORP., DXID, LLC,**
**AND ELIZABETH GAFFNEY,**

                    **Defendants/Third-Party**
                    **Plaintiffs,**

**v.**

**ACE AMERICAN INS. CO.,**

                    **Third-Party Defendant.**

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #20. The case is currently assigned to the Hon. John L. Sinatra. Dkt. #76.

## INTRODUCTION

This is a declaratory judgment action in which plaintiff Homeland Insurance Company of Delaware ("Homeland") seeks a declaration that it has no defense or indemnity obligations arising out of an insurance policy it issued to defendant Independent

Health Association, Inc. ("IHA") as to claims asserted against IHA and other insureds[1] in a federal *qui tam* action and related arbitration. Dkt. #1, ¶¶ 1-3. Third-party defendant Ace American Insurance Company ("Ace") seeks a similar determination as to its indemnity obligations under an excess insurance policy it issued to defendants. Dkt. #30.

## BACKGROUND

The facts alleged in this matter have been set forth in a previous Decision and Order by the then-presiding district court judge, Dkt. #51, as well as prior Decisions and Orders by the undersigned. Dkt. ##58, 78 Those decisions are incorporated here, and, for brevity's sake, the facts of this matter will not be repeated here.

In a Decision and Order filed on November 5, 2024, the Court ordered defendants to provide the Court with unredacted copies of five litigation-hold-related documents for *in camera* review. Dkt. #91. On November 12, 2024, those documents were hand-delivered to the Court.[2]

The Court has reviewed these documents and concludes that none are protected by the attorney-client privilege.

---

[1] Defendants Independent Health Corporation ("IHC"), DxID, LLC, and Elizabeth Gaffney ("Gaffney") were also insureds under the Homeland policy. IHC and DxID are or were subsidiaries of IHA. Dkt. #1, ¶¶ 7-8. Gaffney was the Chief Executive Officer of DxID. Dkt. #1, ¶ 9.

[2] Although defendants provided copies of a sixth document that was listed in their second privilege log, the dispute over that document was previously resolved. Dkt. #88, pp. 1-2.

**DISCUSSION AND ANALYSIS**

As the Court previously noted, the first of the five documents now at issue is an email dated July 27, 2012, from defendants' then-counsel Lawrence J. Vilardo ("Vilardo") to Drew Saur ("Saur"), DxID's Chief Technology Officer, attaching a letter titled "Preservation Requirements." Dkt. #91, p. 5.

Having reviewed the unredacted copy of this document, the Court concludes that it is not privileged because it merely describes DxID's document retention practices and offers instructions for document preservation. It is thus not within the scope of attorney-client privilege or work-product protection. *Pearlstein v. BlackBerry Ltd.*, 13-CV-07060 (CM)(KHP), 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019).

The second document is an email from Elizabeth Gaffney of DxID to Vilardo suggesting that the "Preservation Requirements" letter be copied to DxID's compliance officer. This housekeeping-type communication, which neither requests nor gives legal advice, is not privileged. *See Kleeberg v. Eber*, 16-CV-9517 (LAK) (KHP), 2019 WL 2085412, at *17 (S.D.N.Y. May 13, 2019) ("Communications that discuss and exchange routine administrative paperwork are not privileged where no legal advice is conveyed.") (citation and internal quotation marks omitted).

The third document, in which Vilardo agrees to copy that compliance officer, is similar and thus not privileged.

Finally, Documents 4 and 5—an email from Sauer to Vilardo, and an email from the Director of Technology at Vilardo's firm to Sauer—simply clarify points of discussion regarding document preservation based on Vilardo's letter of July 27, 2012. These documents are thus not privileged because they do not contain legal advice. *See Kleeberg*, 2019 WL 2085412, at *16 (noting that communications are not privileged where "they do not convey the substance of any legal advice rendered"; similarly, "emails that merely forward non-privileged factual information to attorneys/consultants without expressly seeking or receiving legal advice are not privileged").

Therefore, the Court will order defendants to produce these five litigation-hold-related documents.

## CONCLUSION

Consistent with this Decision and Order, defendants shall produce to Homeland and Ace unredacted copies of Documents 1-5 from their second privilege log within five business (5) days of entry of the same.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 18, 2024

                                       **s/ H. Kenneth Schroeder, Jr.**
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**