UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HOMELAND INS. CO. OF DELAWARE,

                  Plaintiff,

vs.

INDEPENDENT HEALTH ASS'N, INC.,
INDEPENDENT HEALTH CORP.,
DXID, LLC, and ELIZABETH GAFFNEY,

                  Defendants/
                  Third Party Plaintiffs,

vs.

ACE AMERICAN INS. CO.,

                  Third Party Defendant.

DECISION AND ORDER

22-CV-0462-MAV

---

Plaintiff Homeland Insurance Company of Delaware ("Homeland") filed this declaratory judgment action against Defendants, seeking a declaration that it has no defense or indemnity obligations arising out of an insurance policy it issued to Defendant Independent Health Association, Inc. ("IHA"), its subsidiaries Defendants Independent Health Corporation ("IHC") and DxID, LLC ("DxID"), and Defendant Elizabeth Gaffney, CEO of DxID (collectively, "Defendants"). ECF No. 1. With their answer, Defendants filed a third-party complaint against Ace American Insurance Company ("Ace"). ECF No. 19. The matter is presently before the Court on Defendants' objection to a Decision and Order [ECF No. 94] of the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge. For the reasons that follow, Defendant's Objections [ECF No. 97] are granted.

## BACKGROUND

The facts alleged in this matter have been set forth in a Decision and Order by

the Honorable William M. Skretny, as well as Decisions and Orders by Judge Schroeder. ECF Nos. 51, 58, 78. Therefore, only those facts pertaining to the issue under review are recited here.

In a Decision and Order considering motions to compel filed by Homeland and Ace regarding privilege logs produced by Defendants, Judge Schroeder ordered that Defendants provide Homeland and Ace with redacted copies of litigation-hold communications that Defendants alleged were protected by attorney-client privilege. ECF No. 78 at 14–20. Homeland and Ace were to review the redacted documents and advise as to whether this production resolved the matter. ECF No. 78 at 20.

Defendants duly produced the redacted copies of the documents, and Homeland and Ace challenged Defendants' assertion of attorney-client privilege to protect the contents of "Documents 1–5." ECF No. 88. After reviewing the redacted copies of Documents 1–5, Judge Schroeder ordered Defendants to provide the Court with unredacted copies of the documents. ECF No. 91 at 6. After reviewing the unredacted copies of Documents 1–5, Judge Schroeder concluded that the documents "merely describe[d] DxID's document retention practices and offer[ed] instructions for document preservation," and therefore ordered Defendants to produce the documents to Homeland and Ace. ECF No. 94 at 3–4.

Defendants have objected to Judge Schroeder's order. ECF No. 97.

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), the presiding District Judge may review non-dispositive matters previously decided by a Magistrate Judge and set them aside if they are clearly

erroneous or contrary to law. A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)).

## DISCUSSION

In their objection, Defendants maintain that Documents 1–5 "are privileged because they contain and memorialize communications between DxID personnel and outside counsel for the purpose of obtaining and providing legal advice in connection with complying with the document preservation requirements that were prompted by the government's investigation [of Defendants' billing / coding practices]." ECF No. 97 at 5. Homeland and Ace, on the other hand, maintain that Judge Schroeder's decision should be affirmed because one can surmise from the unredacted portions of the documents that they are "strictly about document retention practices and/or instructions related to preservation." ECF No. 104 at 15.

### I.     Legal Principles

Because the Court's subject matter jurisdiction in the present case is based upon diversity, New York state law provides the rule of decision concerning the claim of attorney-client privilege. *See* Fed. R. Evid. 501; *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975).

Under Section 4503(a)(1) of the New York Civil Practice Law and Rules,

Unless the client waives the privilege, an attorney or his or her employee, or any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney or

> his or her employee and the client in the course of professional employment, shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication, in any action, disciplinary trial or hearing . . . .

The party invoking the privilege "must demonstrate that the information at issue was a communication between client and counsel or his employee, that it was intended to be and was in fact kept confidential, and that it was made in order to assist in obtaining or providing legal advice or services to the client." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470–71 (S.D.N.Y. 1993). Legal advice within the context of the privilege means "(i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding . . . ." *People v. Belge*, 59 A.D.2d 307, 309 (N.Y. App. Div. 1977).

"[N]o clear rule of general application can be simply articulated" for determining whether a communication was for the purpose of obtaining or providing legal advice. *Matter of Priest v. Hennessy*, 409 N.E.2d 983, 986 (N.Y. 1980). Accordingly, the inquiry is necessarily fact-specific, and a Court must look to "certain guideposts . . . [in] the particular communication at issue." *Rossi v. Blue Cross & Blue Shield of Greater New York*, 540 N.E.2d 703, 705 (N.Y. 1989). "The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client." *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 491 (S.D.N.Y. 2019) (quoting *Spectrum Sys. Int'l Corp. v. Chem. Bank*, 581 N.E.2d 1055, 1061 (N.Y. 1991)).

## II. The Communications at Issue

Viewing the communications at issue in their full content and context, the

Court finds that they constitute privileged communications between an attorney, the attorney's employee, and the client for the purpose of obtaining and providing legal advice.

Of particular import to the Court's analysis is Document 1, a letter from Defendants' counsel to DxID's Chief Technology Officer, Drew Saur, which bears the subject line "Preservation Requirements." Although the headings and the concluding paragraph may suggest that "this letter is strictly about document retention practices and/or instructions related to the preservation" (ECF No. 104 at 15), the Court's review of the substance of each of the redacted paragraphs makes clear that the letter involves the application of legal principles relevant to discovery and evidence preservation to guide the future conduct of Defendants. *See, e.g., In re Cnty. of Erie*, 473 F.3d 413, 419–20 (2d Cir. 2007) (pointing out that "[t]he complete lawyer may well promote and reinforce the legal advice given . . . by explaining: how the advice is feasible and can be implemented . . . [and] what alternatives exist to present measures or the measures advised . . . ."). The opening paragraph indicates that Defendants sought legal advice from counsel about preserving electronic information, and the letter provided recommendations based on the firm's legal expertise. That the letter does not include legal research in the form of citations to particular statutes, rules, or cases is not determinative, as it nevertheless "evidences other professional skills such as [the] lawyer's judgment and recommended legal strategies." *Rossi*, 540 N.E.2d at 706.

That Defendants' attorney classified the letter as "PERSONAL & CONFIDENTIAL," and limited distribution to a few top executives within the

5

company, co-counsel, and an employee of the attorney, were further indicators of the communication's entitlement to privilege. *See, e.g., Pearlstein v. BlackBerry Ltd.*, No. 13CV07060CMKHP, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) ("The Court also notes that Document 338 does not appear to have been broadly distributed and is labeled "Privileged & Confidential," indicating that confidentiality was expected."); *cf. United States ex rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183, 190–92 (D.D.C. 2014) (finding litigation hold documents not privileged where they were sent by the company's chief executive to large groups of employees, did not warn against broader dissemination, and contained only instructions to preserve certain documents as opposed to legal advice).

Given that Document 1 is a privileged communication, the Court finds that Documents 4 and 5 – short email communications between Saur, Defendants' attorney, and an employee of Defendants' attorney seeking to clarify points in Document 1 – are likewise privileged. *See, e.g., Pearlstein,* 2019 WL 1259382, at *19 (protecting an email from a businessperson to counsel "posing various legal compliance- and risk-related questions"). Further, as email communication between Defendant Gaffney and Defendants' attorney to clarify who Document 1 may or should be shared with, Documents 2 and 3 are not "routine administrative paperwork" but privileged communications.

## CONCLUSION

For the foregoing reasons, it is hereby, ORDERED that Defendants' objections [ECF No. 97] to Judge Schroeder's decision are granted, the decision [ECF No. 94] is set aside, Defendants are relieved of the obligation of disclosing Documents 1–5, and

the matter is referred back to Judge Schroeder. SO ORDERED.

Dated: February 7, 2025
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge